THE plaintiff in error filed his bill, seeking relief against a judgment at law, and stating, that after the judgment was rendered, he had placed a horse in the defendants possession, to he sold by him, if he could, at not less tlian one hundred and twenty dollars, and that the defendant had agreed todo the best he could to sell him, and if he sold the horse, the price of him was to extinguish and be a credit against the judgment as far as the judgment extended, lit being less than the price set on the horse by the plaintiff.) and then account for, and pay over the residue to the ¡plaintiff. He charges, that Vie defendant sold the *173 horse at the price of one hundred and forty dollars, and yet had failed to credit the judgment or to account for the balance; but had'issued his execution and demanded the whole judgment.
A judgment creditor receivinga hUcfebto™ on an agreement to sell with theJ P!'ice, bego^do as”3 soon as jie has sold the llorse-
After having once sold t'he contrae* with the pur. £orBe an(3 j s«,e execution on the judgment.
*173 2. The defendant denies that he took the horse un. der any agreement with the plaintiff, touching the judgment, or that he agreed in any manner to set off the price for which the horse might sell against the judgment. But states, that at the request of the plaintiff, he took the horse to fátten, and make market of him, asa friendly act, and nothing more; being bound, if be sold him, to part with him at not less than one hundred and twenty dollars. He admits that he sold him at the price of one hundred and forty dollars, but alleges, that discovering the purchaser was not good for the amount, be took back the horse and recanted the sale, as the best he could do for the plaintiff, and gave him notice to retake his horse, as he was made fat, according to promise. He admits the emanation of the execution, and his intention to coerce the judgment.
The court below, dissolved the injunction and dis. missed the bill with costs, to reverse which decree, this writ of error is prosecuted.
If the defendant had taken the horse for the purpose of fattening, and then trying to sell him as a friendly pet for the plaintiff, without consideration, and had sold him, and on discovering the purchaser was not able to pay for him, had taken him back, we should have no hesitation in sajing. that the plaintiff would be bound to take back the horse, and could have no demand against the defendant on account of the sale,
3. But the proof is satisfactory by more than one wit. siess, that the horse was taken by the defendant under the agreement stated'.in the bill, for the purpose of dis. charging the judgment, if he could be sold. We con. ceive it results, therefore, according to. the terms of the agreement, that the defendant was to sell the horse at bis peril, and on th,at event happening, the plaintiff had a right to demand the discharge of the judgment, and the balance of the price, and'that the defetidant was bound by the express terms of his agreement, to ac count for the price of the horse, the title of which, on the sale, passed from the plaintiff. If the defendant gave credit in the pale, hp had no authority to do so *174 from the terms of his agreement, and therefore, he run the risque of payment and the solvency of the purchaser. The evidence is also satisfactory that the horse was sold ,• but it is not clear that the defendant took the horse back. This measurably rests on his own declarations, proved by himself, which is incompetent. And this being an affirmative allegation in his answer in avoidance of the claim set up in the bill, ought to have been proved.
Unless it was part of the agreement that the creditor might sell on a credit, he will do it at hi» own risk, and if he should sell to an insolvent .and never receive pay, the debtor will, nevertheless, be • entitled to credit for the price.
4. But if it was proved, we conceive that if he took the horse back, he took him as his own, just as if he had repurchased him, and that on the sale itself, he became bound for the price at which he sold. The court below, therefore, erred in dissolving the injunction and dismissing the bill. But the injunction ought to be perpetuated on the whole judgment, and the defendant decreed to account for, and pay over the residue of the price for which the horse sold, with costs.
The decree must, therefore, be reversed with costs, and the cause remanded, that a decree may there he rendered in conformity with this opinion.